

# The Attorney General of Texas

December 13, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Charles Evans
Chairman
House Administration Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No.  JM-250

Re:  Whether the Texas Department of Public Safety may probate the suspension of a driver's license of a person who has been convicted of driving while intoxicated as a result of a breath test refusal

Dear Representative Evans:

You have asked two questions concerning the suspension of a person's driver's license in connection with prosecution for driving while intoxicated. You first ask whether the Texas Department of Public Safety [hereinafter DPS] may suspend the license of a person convicted of driving while intoxicated [hereinafter DWI] and placed on probation following such conviction if the individual has been found on appeal to have refused a breath test. Such proceedings are separate and distinct from criminal proceedings under the DWI statutes. Secondly, you ask whether the department may suspend a driver's license when a person has been convicted of DWI by a jury and such a jury recommends that his license not be suspended, despite an affirmative finding of a breath test refusal.

Article 67011-5, V.T.C.S., governs the administration of breath tests and the suspension of licenses for refusals to take the same. Section 2(b) requires that an arresting officer advise a person arrested for DWI that refusal to submit to the test may result in the driver's license being "automatically suspended for 90 days . . . whether or not the person is subsequently prosecuted as a result of the arrest." Upon refusal of a request to submit to a breath test, the arresting officer is required by section 2(d) to immediately make a written report to the DPS. Upon receipt of the report the director of DPS is required to suspend the person's license for 90 days after the person is notified of his right to an administrative hearing on the breath test refusal. V.T.C.S. art. 67011-5, §2(f).

The person who refuses the breath test and is notified by the DPS that his license will be suspended has a right to request an administrative hearing. At these hearings the court is required to order the suspension of the license if it finds that there was probable cause for the DWI arrest, that the person was given an opportunity to submit

to a breath test, and that he refused. Id. §2(f). Section 2(f) provides further that these administrative hearings on breath test refusals are required to be "set in the same manner as a hearing under Section 22(a)" of article 6687b, V.T.C.S. Thus, when the DPS is informed by a driver that the driver desires an administrative hearing, the DPS is required to set such case in accordance with the provisions of section 22(a), article 6687b.

Section 22(a) vests jurisdiction of these administrative hearings in municipal mayors and judges, or justices of the peace and provides in part:

> Sec. 22. (a) . . . Such hearing shall be had not less than ten (10) days after notification to the licensee or operator under any of the provisions of this section, and upon charges in writing, a copy of which shall be given to said operator or licensee not less than ten (10) days before said hearing, except as otherwise provided by this subsection. For the purpose of hearing such cases, jurisdiction is vested in the mayor of the city, or judge of the police court, or a Justice of the Peace in the county where the operator or licensee resides . . . It shall be the duty of the court to set the matter for hearing upon ten (10) days' written notice to the Department . . . Notice by registered mail to the address shown on the license of the licensee shall constitute service for the purpose of this section. . . .

Article 6701l-5, section 2(f), incorporates article 6687b, section 22(a), only for the purpose of determining the manner in which breath test refusal cases are "set." Article 6701l-5 does not incorporate other provisions of article 6687b, portions of which provide for the probation of license suspension, which we believe do not have anything to do with the "setting" of the administrative hearing. See V.T.C.S. art. 6687b, §22(e) (authority to probate license revocation or suspension). There is no provision in either article 6701l-5 or 6687b, §22(a) which provides for the probation of a license suspension for the failure to submit to a breath test.

Attorney General Opinion H-1201 (1978), concluded that article 6701l-5 incorporated the probation provisions of article 6687b. We believe that this opinion misconstrued the statutes and it is hereby overruled. In 1983, the legislature amended article 6701l-5 to make it clear that suspension of a driver's license for refusal to take a breath test is an entirely separate matter from the penalties and procedures of article 6687b (e.g., warning that suspension will automatically take place regardless of "whether or not the person is subsequently prosecuted as a result of the arrest" section 2(b);

deletion of pertinent part of old section 2 requiring reinstatement of suspended license when person found "not guilty" of DWI). Thus, the suspension at issue here is apparently intended to be a purely civil penalty. Attorney General Opinion H-1201 may have been incorrect under the old language; it is more clearly incorrect under the amended language. We conclude, in answer to your questions, that the suspension of a driver's license for failure to submit to a breath test may not be probated notwithstanding the fact that a conviction in a different court of a DWI offense may have resulted in a probated sentence or the fact that the jury following a DWI conviction has recommended that the license not be suspended.

## S U M M A R Y

The suspension of a driver's license for failure to submit to a breath test may not be probated.

Very truly yours

**JIM MATTOX**
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton